```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

PERFORMANCE INDICATOR, LLC,       )
                                  )
            Plaintiff,            )    Civil Action No.
                                  )    12-CV-12230-DPW
    v.                            )
                                  )
ONCE INNOVATIONS, INC,            )
                                  )
            Defendants.           )
```

MEMORANDUM AND ORDER

November 4, 2014

Plaintiff Performance Indicator, LLC brought this action against Defendant Once Innovations, Inc. alleging breach of contract and related claims as well as unfair business practices under Massachusetts General Laws Chapter 93A. Once Innovations has counterclaimed, alleging, *inter alia*, unauthorized disclosures by Performance Indicator to a third party. Before me is a motion by Once Innovations for partial summary judgment regarding the purported failure of Performance Indicator to mitigate damages and regarding the Performance Indicator Chapter 93A claim. Neither party has moved for summary judgment on the remaining Performance Indicator claims or on the counterclaims by Once Innovations against Performance Indicator; consequently, the discussion below will be confined to the facts relevant to the claims at issue in this motion.

1

# I. BACKGROUND

## A. Factual Background

Once Innovations is a Minnesota corporation that develops and markets light-emitting diode ("LED") lighting products. Performance Indicator is a Delaware limited liability company with its principal place of business in Lowell, Massachusetts. Performance Indicator develops technology to modulate electromagnetic energy to create effects of color and light.

In April 2011, Once Innovations contacted Performance Indicator to discuss a potential collaboration using Performance Indicator's technology in Once Innovation's LED lighting products. As a foundation for their discussions, Once Innovations and Performance Indicator entered into a nondisclosure agreement, which has been in effect since April 21, 2011. Performance Indicator provided a proposal to Once Innovations regarding the licensing of Performance Indicator's existing technology. That proposal was rejected in June 2011.

The two companies continued their discussions. In November 2011, Zdenko Grajcar, the Chief Technology Officer and Chief Executive Officer of Once Innovations, visited the Performance Indicator facility. He conducted preliminary tests to validate a new phosphor film technology designed by Performance Indicator to smooth cyclical light output.

Following the tests, in January 2012, Grajcar informed Performance Indicator that he was interested in engaging Performance Indicator to produce a prototype to further validate the film technology with a plan to enter into a manufacturing agreement in the future. Performance Indicator provided Once Innovations an initial proposal ("January 2012 Proposal") to develop a smoothing phosphor and dye film prototype on behalf of Once Innovations.

The two companies engaged in further communication by email and telephone about the proposal, with Once Innovations requesting modifications to the proposal and Performance Indicator agreeing to modify the proposal as requested. Whether the two companies reached a final agreement about the proposal remains in dispute. Performance Indicator has presented evidence through an affidavit of Paul Hovsepian, the Vice President of Business Operations for Performance Indicator, that an agreement was reached during a phone call between him and Grajcar on February 2, 2012. Once Innovations denies that an agreement was reached. In any event, Performance Indicator began work on the prototypes on February 28, 2012. The companies dispute whether that work was begun with Once Innovation's authorization.

Performance Indicator continued with the work discussed by the two companies and completed the order for the prototypes.

The companies remained in contact about the order through at least the end of May 2012. Performance Indicator characterizes these communications as ones in which Once Innovations continued to urge Performance Indicator to perform but offered invalid excuses for not making contractual payments. In contrast, Performance Indicator maintains that there was never any contract. In the end, Once Innovations never paid Performance Indicator for goods or services and Performance Indicator did not deliver the prototypes that it had produced.

**B.   Procedural Background**

Performance Indicator brought this action against Once Innovations in Massachusetts Superior Court in October 2012. Performance Indicator alleges (1) Breach of Contract; (2) Breach of Implied Covenant of Good Faith and Fair Dealing; (3) Quantum Meruit; and (4) Violation of Massachusetts General Laws Chapter 93A. In November 2012, Once Innovations removed the action to federal district court under diversity jurisdiction, 28 U.S.C. § 1332.

Once Innovations filed counterclaims against Performance Indicator relating to improperly retained equipment as well as allegations that Performance Indicator improperly disclosed confidential information belonging to Once Innovations to a company called Seoul Semiconductor Co., Ltd. in violation of the nondisclosure agreement.

Once Innovations filed a motion to dismiss the complaint, which I denied on April 5, 2013. Fact discovery has now been completed and the case is trial ready once the question of partial summary judgment presented by the motion now before me has been resolved.

## II. ANALYSIS

### A. Standard of Review

To prevail in a motion for summary judgment, the movant Once Innovations would need to show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine where there exists 'evidence [ ] such that a reasonable jury could return a verdict for the nonmoving party.'" *Showtime Entertainment, LLC* v. *Mendon*, __ F.3d __, 2014 WL 5028046 (1st Cir. Oct. 8, 2014) (citing *Anderson* v. *Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). Conclusory allegations or unsupported speculation are insufficient to create a genuine issue of material fact. *Sullivan* v. *City of Springfield*, 561 F.3d 7, 14 (1st Cir. 2009). "A fact is material if it has the potential of determining the outcome of the litigation." *Farmers Ins. Exch*. v. *RNK, Inc.,* 632 F.3d 777, 782 (1st Cir.2011) (citation omitted).

**B. Failure to Mitigate Damages**

Once Innovations argues that it is entitled to summary judgment on the first three counts—breach of contract, breach of the implied covenant of good faith and fair dealing, and quantum meruit—because of Performance Indicator's failure to mitigate damages. Once Innovations does not through this motion challenge these counts on grounds that a contract or quasi-contractual relationship did not exist. Rather, Once Innovations claims in its memorandum that any expenditure by Performance Indicator to produce the prototypes discussed in the January 2012 Proposal was so unreasonable given "the undisputed evidence demonstrate[ing] that Performance Indicator unilaterally proceeded with an unsigned, unexecuted contract," that Performance Indicator cannot recover any damages at all and these counts should therefore be dismissed.

Failure to mitigate damages is an affirmative defense. "The doctrine of mitigation of damages imposes on a party injured by either a breach of contract or a tort the duty to exercise reasonable diligence and ordinary care in attempting to minimize its damages." *Fleet Nat. Bank* v. *Anchor Media Television, Inc.*, 45 F.3d 546, 561 (1st Cir. 1995). Whether a party was reasonable in attempting to mitigate its damages is a highly fact-specific and contextual inquiry. *See Softub, Inc.* v. *Mundial, Inc.*, 2014 WL 5151409, *21 (D. Mass. Sept. 30,

6

2014). The appropriateness of efforts to mitigate damages "must be evaluated under the totality of the circumstances which pertain in each individual case." *Allied Int'l, Inc.,* v. *Int'l Longshoremen's Ass'n, AFL-CIO*, 814 F.2d 32, 38 (1st Cir. 1987). The nature and timing of the breach, as well as the circumstances of the parties, are facts essential to this analysis.

The requirement to mitigate damages only comes into play once a party is aware that it has suffered a breach or tort. *See Breault* v. *Ford Motor Co.*, 305 N.E.2d 824, 826 (Mass. 1973)("The duty of a plaintiff to take action to mitigate damages typically arises after, and not before, the defendant's allegedly wrongful conduct has occurred."). In its motion, Once Innovations maintains an untenable position by arguing on one hand that Performance Indicator should have mitigated its damages by not expending any money to produce the prototypes while simultaneously denying that there was no wrongful conduct to mitigate. Once Innovations appears to argue that Performance Indicator's failure to mitigate was unreasonable precisely because a contract never existed. But by contending that there was no contract, and therefore no breach, Once Innovations also necessarily denies any duty on the part of Performance Indicator to mitigate its damages. This is not mere alternative pleading but rather constitutes fundamental contradiction.

Once Innovations fares no better if I choose to read its argument as being that Performance Indicator would not be entitled to any damages *even if there were* a contract. The existence and nature of any contract or quasi-contract is the core disputed issue in this case. The parties have presented conflicting evidence about whether a contract even existed. The numerous factual determinations that would be necessary for a failure to mitigate defense—concerning when a breach occurred, the nature of the breach, when Performance Indicator became aware of a breach, among others—are similarly disputed. Summary Judgment on Performance Indicator's alleged failure to mitigate is unwarranted given the continued argument by Once Innovations that there was no breach at all and the numerous disputed factual matters that would be essential to making out this affirmative defense.

## C. Chapter 93A[1]

Once Innovations next argues that Performance Indicator has failed to demonstrate any unfair or deceptive trade practice that would qualify as a violation of Massachusetts General Laws Chapter 93A. Chapter 93A, Section 2(a) provides that "unfair or deceptive acts or practices in the conduct of any trade or

---

[1] Once Innovations includes extensive argument about the strength of its own Chapter 93A claim against Performance Indicator but does not move for summary judgment on that counterclaim. I therefore do not address the merits of the Once Innovations Chapter 93A counterclaim.

8

commerce are hereby declared unlawful." In determining whether a practice violates Chapter 93A, I consider "(1) whether the practice . . . is within at least the penumbra of some common-law, statutory, or other established concept of fairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers (or competitors or other businessmen)." *PMP Assocs., Inc.* v. *Globe Newspaper Co.*, 321 N.E.2d 915, 917 (Mass. 1975); *see also Mass. Eye and Ear Infirmary* v. *QLT Phototherapeutics, Inc.*, 412 F.3d 215, 243 (1st Cir. 2005).

A breach of contract alone is insufficient to make out a violation of Chapter 93A "unless it rises to the level of 'commercial extortion' or a similar degree of culpable conduct." *Commercial Union Ins. Co.* v. *Seven Provinces Ins. Co., Ltd.* 217 F.3d 33, 40 (1st Cir. 2000). A contract violation in a "hybrid" combination with another bad act, however, may be sufficient to prevail on a Chapter 93A claim. *See Incase Inc.* v. *Timex Corp.*, 488 F.3d 46, 57 (1st Cir. 2007). Chapter 93A liability may be found, for example, where there is a breach of the implied contractual duty of good faith and fair dealing, *see, e.g.*, *Anthony's Pier Four, Inc.* v. *HBC Assoc.*, 583 N.E.2d 806, 821-22 (Mass. 1991), as Performance Indicator claims here.

In *Commercial Union*, 217 F.3d at 40, the First Circuit discussed ways in which culpable conduct can turn a contract

9

dispute into a Chapter 93A violation, for example where one party withholds payment and "string[s] out the process" with the intent of securing a favorable outcome, (citing *Arthur D. Little, Inc.* v. *Dooyang Corp.*, 147 F.3d 47, 55-56 (1st Cir. 1998)), or when a party "raised a 'specious defense' to payment and engaged in 'foot dragging' and 'a pattern of stringing [the plaintiff] along.'" (citing *Community Builders, Inc.* v. *Indian Motorcycle Assocs.*, 692 N.E.2d 964, 978079 (Mass. App. Ct. 1998)).

Emails by Once Innovations to Performance Indicator and statements in Hovsepian's affidavit concerning telephone conversations between Hovsepian and Grajcar show that there are factual disputes about whether there was any contract between the two companies, whether Once Innovations induced or misled Performance Indicator to produce the prototypes without the intent to compensate them, and whether communications from Once Innovations to Performance Indicator about whether and when they would be paid for the prototypes were misleading, among other issues. For example, while there was no signed contract and Once Innovations maintains that there was never any contract, Hovsepian claims in his affidavit that there was a "phone conversation during which agreement on all terms was reached . . . I understood from Mr. Grajcar during that call that we had an agreement to proceed." Once Innovations claims

10

that it was unreasonable for Performance Indicator to move forward in producing the prototypes when no advance payment had been made, but in response to an email from Hovsepian that stated, "As agreed during our Friday telecom, PI has commenced work effective last Monday," Grajcar wrote "Paul, You can move ahead."

Disputes about the content and significance of the communications between the parties remain at the core of this case. Performance Indicator has presented sufficient evidence at this point to survive summary judgment. Whether the evidence as tested and evaluated at trial will result in a finding of a violation of Chapter 93A remains to be determined.

## II. CONCLUSION

For the reasons discussed above, I DENY Defendant Once Innovations' motion for partial summary judgment (Dkt. No. 29) in its entirety.


                                        ***/s/ Douglas P. Woodlock***
                                        DOUGLAS P. WOODLOCK
                                        UNITED STATES DISTRICT